STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-04-026

SKS-KEN-2/4/06

DAVID R. FERGUSON,

Plaintiff

v.

STANLEY A. LORD, *et al.*,

Defendant

DECISION ON MOTION
FOR SUMMARY JUDGMENT

This matter comes before the court on the motion of defendant Stanley Lord for summary judgment. Because the court finds no sustainable genuine issue as to any material fact and concludes that the property at issue is subject to a trust as a matter of law, the motion will be granted.

## Background

On May 7, 1967, Earle C. Lord, Sr. died intestate, leaving as sole heirs at law his three sons Stanley, Donald and Earle, Jr. The three brothers inherited a group of real properties with undivided equal one-third interests as tenants-in-common.

After the inheritance, the brothers discussed their concern that the character of the property should be maintained and that it should not be developed in a way that would be unacceptable to any of them during their lifetimes. They wanted to provide a plan whereby as each of them died the survivors or survivor would maintain control over the management and disposition of the property despite the fact that title of the property would go to their heirs, who would ultimately assume full control upon the death of the last of the three brothers.

Pursuant to the brothers' desires, they engaged an attorney to draft an agreement which was signed and recorded in the Registry of Deeds. That 1968 agreement, which forms the crux of the present suit, reads as follows:

> We, Stanley A. Lord, Earle C. Lord, Jr., and Donald F. Lord, joint owners of Real Estate situated in said Belgrade, recently inherited from our late father and knowing the uncertainties of life jointly and severally agree that in case of death or incapacity of one or more of us the survivor or survivors shall have the exclusive right and rights to use his or their best judgment in the management and/or disposal of said Real Estate, the proceeds from the management or sale, after payment of all costs or fees, to be distributed in accordance with the State of Maine Probate Laws.

Brother Stanley took the lead in managing the property, and became the sole surviving brother following the death of Donald in 1980 and Earle, Jr. in 1983. Stanley continued to manage the property and eventually signed off on deeds transferring portions of the property to purchasers.

Time has resulted in dissention among the Lord heirs to the point where one of the heirs, plaintiff Ferguson, has brought this suit seeking partition of the property by means of a sale at auction followed by a division of the net proceeds in accordance with the parties' ownership interests. By way of counterclaim and crossclaim, Stanley and David Lord seek a declaration that the property at issue is subject to a trust under the 1968 agreement by the brothers and that Stanley's plan for disposition of the property should control.

## Discussion

This matter was previously the subject of a motion to dismiss brought by the defendants, which was denied by the court. In denying that motion, this court stated, "The agreement is ambiguous as to its legal effect even if the intent is fairly clear. Further factual development is necessary." That factual development has now taken place as part of the motion for summary judgment. The critical facts concern the

circumstances under which the "brothers agreement" was signed by them in 1968. In support of his statement of material facts not in dispute as part of his motion for summary judgment, Stanley Lord has provided his affidavit. In particular, numbered paragraphs 4 through 6 provide the factual background necessary to flesh out the brothers' intent and consequent legal effect. The court finds that this information would be admissible at trial pursuant to M.R. Evid. 803(3). By contrast, the counter statements set forth in plaintiff Ferguson's affidavit responding to these paragraphs is without any personal foundation or knowledge and would not be admissible at trial. Therefore, the court accepts as true the facts set forth in those numbered paragraphs of the statement of facts.

In trying to have the brothers' agreement recognized as a matter of law, the defendants have stressed to the court that it should consider that the agreement set up a trust with regard to this property. It is the court's conclusion that the agreement set up three potential trusts correlated to the three equal and undivided interests of the brothers, with the timing of the trust and the identity of the trustees to be determined by the order in which the brothers pre-deceased each other. Looked at in this way, all the elements of a trust exist, and the outcome is completely consistent with the concerns and desires of the brothers in 1968. Indeed, the present complaint, if it had been successful, would have resulted in precisely the loss of control and change in the nature and character of the property which the agreement sought to prevent.

In light of the foregoing, the court declares that Stanley Lord is presently the sole trustee of the real property in question, regardless of the legal owners of the property through devise or dissent, and that he enjoys sole control of the management and/or disposal of that property, subject to the requirements of the brothers' agreement. As a result, the entry will be:

     (1)    Motion for summary judgment on the complaint is granted to the defendants and the request for partition is DENIED;

     (2)    The motion for summary judgment on the counterclaim and crossclaims is GRANTED to the defendants and a trust(s) is declared with regard to the property with Stanley Lord as the sole trustee.

Dated: February __14__, 2006

S. Kirk Studstrup
Justice, Superior Court

DAVID R FERGUSON  - PLAINTIFF
432 SOKOKIS TRAIL N P.O. BOX 275
LIMERICK ME 04048
Attorney for: DAVID R FERGUSON

FERGUSON & JOHNSON PA
471 B MAIN STREET
PO BOX 97
SPRINGVALE ME 04083-0097

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-RE-2004-00026

**DOCKET RECORD**

vs
STANLEY A LORD  - DEFENDANT
88 POINTE ROAD
BELGRADE ME 04917
Attorney for: STANLEY A LORD
JERROL CROUTER  - RETAINED
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

MARION C LORD  - DEFENDANT
P.O. BOX 253
BELGRADE LAKES ME 04918
Attorney for: MARION C LORD
ALTON STEVENS  - RETAINED
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708

DAVID F LORD  - DEFENDANT
40 MONTANA WAY
BELGRADE ME 04917

Filing Document: COMPLAINT                    Minor Case Type: EQUITABLE REMEDIES
Filing Date: 08/30/2004

## Docket Events:

08/30/2004 FILING DOCUMENT - COMPLAINT FILED ON 08/30/2004

08/31/2004 Party(s):  DAVID R FERGUSON
           ATTORNEY - RETAINED ENTERED ON 08/30/2004
           Plaintiff's Attorney: DONNA JOHNSON

08/31/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/31/2004
           Plaintiff's Attorney:  DONNA JOHNSON
           MAILED TO ATTY. OF RECORD.

09/16/2004 Party(s):  STANLEY A LORD,MARION C LORD
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 09/16/2004
           Defendant's Attorney: JERROL CROUTER
           & DAVID LORD, PRO SE   ANSWER AND COUNTERCLAIM OF DEFENDANTS STANLEY LORD AND DAVID LORD,
           FILED.  (BK)   ON 9/22/04 EXHIBIT A THAT WAS OMITTED, FILED.